624 P.2d 1289

STATE of Arizona, ex rel. Charles F. HYDER, Maricopa County Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Frederic Heineman and Mickey L. Clifton, Real Party in Interest, Respondents.

No. 1 CA–CIV 4984.

Court of Appeals of Arizona, Division 1, Department A.

April 1, 1980.

Rehearing Denied May 6, 1980.

Review Granted May 28, 1980.

Charles F. Hyder, Maricopa County Atty. by Ronald W. Collett, Deputy County Atty., Phoenix, for petitioner.

Eldridge & Brown, P. A. by Patrick E. Eldridge, Phoenix, for respondent real party in interest.

OPINION

CONTRERAS, Judge.

Respondent Real Party in Interest, Mickey Clifton (hereafter referred to as defendant) was charged in Maricopa County Superior Court No. CR–104871 with two counts of theft by false pretenses and one count of attempted theft by false pretenses in violation of A.R.S. §§ 13–661, –663, –671(A) and –1647.[1] He was tried to a jury and on July 25, 1979, was found guilty on Count I, theft by false pretenses. At the close of the state's case and again at the close of defendant's case, defendant made a motion for judgment of acquittal as to all counts pursuant to Rule 20(a), Rules of Criminal Procedure, 17 A.R.S. These motions were denied and after the jury returned its verdict the motion was renewed as to Count I on July 25, 1979, pursuant to Rule 20(b). On July 26, 1979, the trial court granted the motion for judgment of acquittal, set aside the jury's verdict on Count I, found defendant not guilty and ordered the entry of a judgment of acquittal.

The current petition for special action was filed in this court by the state on

1. Unless otherwise stated, all references are to the Arizona Criminal Code prior to its 1978 revision.

August 15, 1979, arguing that the trial court had abused its discretion in granting the judgment of acquittal. After oral argument was presented in this court, the matter was taken under advisement pending supplemental briefing by the parties as to the appealability of the trial court's order.[2]

An appeal may be taken by the state from the following orders:

1. An order quashing an indictment or information or count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. A ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment.

5. An order made after judgment affecting the substantial rights of the state.

6. The sentence on the grounds that it is illegal, or if the sentence imposed is other than the presumptive sentence authorized by § 13–604 or § 13–701.

7. An order granting a motion to suppress the use of evidence.

A.R.S. § 13–4032 (amended 1979). The only subsections of this statute that arguably could apply to the order under consideration are 3 and 5—that is, "an order arresting judgment", or "an order made after judgment affecting the substantial rights of the state."

■ Although the state's right to appeal from "an order arresting judgment" is a part of the current criminal code, the motion in arrest of judgment formerly covered by Rules 315 through 320 of the 1956 Rules of Criminal Procedure was abolished in the 1973 rules revisions as a separate procedural device. Rule 24.2, Comment, Rules of Criminal Procedure, 17 A.R.S.; *State v. Allen*, 27 Ariz.App. 577, 557 P.2d 176 (1976). Regardless of the technical status of the motion in arrest of judgment, it was never designed to encompass a post-judgment motion for acquittal. This is apparent for two reasons. First, the grounds for a motion in arrest of judgment were limited to attacking only the sufficiency of the indictment or information, the jurisdiction of the court, or the actual or apparent conviction of a crime not included within the charging document.[3] Secondly, while the motion was in effect, but prior to the adoption of Rule 20(b), Arizona case law held that there was no procedural authority for post-judgment motion of acquittal. *See State v. Superior Court*, 103 Ariz. 319, 441 P.2d 548 (1968); *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962). Thus, the trial court's order directing the judgment of acquittal would not have been appealable as "an order in arrest of judgment."

The next question is whether the order is "an order made after judgment affecting the substantial rights of the state." As a factual matter, the order was not made "after judgment" because no judgment had yet been rendered on the verdict when the trial court entered its July 26, 1979, judgment of acquittal. In addition, the Rules of Criminal Procedure make it clear that where a motion for judgment of acquittal has been made, it is anticipated that the motion will be ruled upon prior to the entry of a judgment upon conviction. Thus, a post-verdict motion for judgment of acquittal must be made by a defendant within 10

---

**2.** It does not appear from the record that the state filed a notice of appeal from the July 26, 1979, judgment of acquittal. If the judgment was substantively appealable, it would have become final by the state's failure to file a notice of appeal within 20 days after its entry. *See* Rule 31.3, Rules of Criminal Procedure, 17 A.R.S.

**3.** Former rule 316 provided:

A. Judgment shall be arrested only on one or more of the following grounds:

1. That the indictment or information does not charge an offense.

2. That the court is without jurisdiction of the action.

3. That the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense of which he could be convicted under the indictment or information.

4. That the defendant was convicted of an offense of which he could not be convicted under the indictment or information.

days after the verdict has been returned,[4] and a court's failure to rule on the motion with all possible speed has been held to be an abuse of discretion, *State v. Superior Court*, 112 Ariz. 123, 538 P.2d 397 (1975); however, a judgment of guilt after conviction is not normally entered in less than 15 days after the verdict. This is because Rule 26.2(b) mandates that judgments be "pronounced and entered together with the sentence" and "[s]entence shall be pronounced not less than 15 nor more than 30 days after the determination of guilt . . ." unless the defendant waives this time limit. Rule 26.-3(a), Rules of Criminal Procedure, 17 A.R.S. We hold, therefore, that the order here involved is not appealable as an order made after judgment affecting the substantial rights of the state.

Accordingly, since the trial court's order was neither a post-judgment order affecting a substantial right of the state nor an order arresting judgment, there was no statutory authority for the state to appeal and without an "equally plain, speedy, and adequate remedy by appeal," review by special action is appropriate. Rule 1, Rules of Procedure for Special Actions, 17A A.R.S.

Turning to the merits of the state's argument that the trial court abused its discretion in granting the judgment of acquittal, we have reviewed the evidence to determine whether there was "substantial evidence" to support the jury's verdict. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978). In addition, as was required of the trial judge, we will not encroach upon the jury's responsibility of weighing the credibility of the witnesses. *State v. Parker*, 113 Ariz. 560, 558 P.2d 905 (1976).

Count I of the indictment charged defendant with having stolen more than $100.00 by false pretenses from Steven Pritchard on or about September 8, 1977. Theft by false pretenses is the taking of another's property by fraudulent represen-

tation or pretense with the specific intent to deprive the owner permanently of his property. *See* A.R.S. § 13–661(A)(3); *State v. Joseph*, 20 Ariz.App. 70, 510 P.2d 69 (1973).

The trial transcript and exhibits reflect that on July 30, 1977, the Board of Governors of the State Bar of Arizona voted to recommend to the Arizona Supreme Court that defendant, an attorney licensed to practice in Arizona, be suspended from practice for a period of 30 days. Notice of this decision was sent to defendant's attorney on August 16, 1977. The notice also advised defendant that if he did not file objections to the decision within 10 days, it would be presumed that he accepted the findings and the matter would be submitted to the supreme court. Defendant testified that as a result of this notice, he voluntarily suspended his practice on August 27, 1977, under the assumption that if he did not protest the decision, the suspension would become automatic. A letter from defendant's attorney on September 23, 1977, to the Chief Justice of the Arizona Supreme Court reiterated this understanding and requested that if a suspension was ordered, that it be made retroactive to August 27, 1977, as defendant had "self-imposed" a 30-day suspension effective that date. On October 5, 1977, the Arizona Supreme Court issued its order suspending defendant from practice for a period of 30 days but made the suspension effective August 27, 1977, as requested by defendant. The court further ordered that costs be assessed in the amount of $1,408.89 which were to be paid prior to any application for reinstatement.

Despite this "self-imposed" suspension as of August 27, 1977, Steven Pritchard testified and defendant admitted that he had agreed to represent Mr. Pritchard in a criminal action arising out of a grand theft which occurred on August 28, 1977. Although the exact date is not established, it appears that the agreement to represent

---

4. Rule 20 provides:

a. Before Verdict. On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal of one or more offenses charged in an indictment, information or complaint after the evidence on either side is closed, if there is no substantial evidence to warrant a conviction. The court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed.

b. After Verdict. A motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned.

Mr. Pritchard was entered on either August 28, 1977, or within a few days thereafter. At any rate, pursuant to this agreement, defendant received a $500.00 payment from Mr. Pritchard's mother on September 8, 1977, as a partial retainer. An additional payment of $390.00 was made to defendant on September 16, 1977, and a $560.00 payment was made on October 11, 1977. Mr. Pritchard testified that no legal services were ever performed by defendant and that he eventually had to have a public defender assigned to represent him. Mr. Pritchard testified that at a meeting held on September 16, defendant told him that his preliminary hearing, which was set for the next day, would be continued. No request for a continuance, however, was ever made. As a result, Mr. Pritchard did not appear for the preliminary hearing and a warrant for his arrest was issued.

Defendant's explanation for his actions was that even though he had suspended his practice, he anticipated being able to resume it shortly after the 30-day suspension elapsed and he would then be able to represent Mr. Pritchard. To support this, he testified that he had made arrangements with a former associate to handle Mr. Pritchard's case during the suspension. This testimony was controverted by the former associate's testimony which stated that although defendant had made reference to Mr. Pritchard's case, no arrangements had ever been made for him to make an appearance on Mr. Pritchard's behalf. In addition, the evidence is clear that as early as September 13, 1977, through a conversation with a representative of the state bar, defendant was advised that reinstatement would not be automatic nor would his suspension necessarily be retroactive. Certainly by October 5, 1977—the date the supreme court issued its order—defendant was aware that not only would he have to make application for reinstatement, but that he would have to pay the costs to the state bar prior to making this application. Yet, defendant accepted further payments from Mr. Pritchard on September 16 and October 11. Under these circumstances, the jury was free to disbelieve the defendant's explanation.

After thoroughly reviewing the entire record, it is our opinion that there was substantial evidence to support the jury's verdict that at the time the defendant accepted the retainer, he did not intend to perform the services. The fact that defendant stated in his letter to Mr. Pritchard on December 1, 1977, that he would repay the money was not a defense. *See State v. Joseph, supra.* Also, the corroboration requirement of A.R.S. § 13–664(A) was met. The statute "is satisfied if the State introduces evidence in addition to and independent of the victim's testimony tending to show that the alleged false pretense was actually made." *State v. Thornton,* 26 Ariz. App. 472, 474, 549 P.2d 252, 254 (1976). Here, the victim's testimony was corroborated by his wife's testimony and by the circumstances outlined above.

The July 26, 1979, order granting the motion for a judgment of acquittal is set aside and the jury's verdict of guilty on Count I is reinstated. This matter is remanded to the trial court and a date for sentencing shall be set after receipt of this court's mandate in compliance with the Rules of Criminal Procedure.

FROEB, P. J., and JACOBSON, J., concur.