656 P.2d 634

**STATE of Arizona, Appellee,**

v.

**Mickey L. CLIFTON, Appellant.**

**No. 1 CA–CR 5293.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 12, 1982.

Rehearing Denied Nov. 10, 1982.

Review Denied Dec. 21, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Joel M. Glynn, Asst. Atty. Gen., Phoenix, for appellee.

Eldridge & Van Wagner by Patrick E. Eldridge, Phoenix, for appellant.

OPINION

GREER, Judge.

This is the second time this case has been before this court, and it follows the Arizona Supreme Court's review of our first decision. The defendant, Mickey L. Clifton, was charged by indictment with two counts of grand theft by false representations and one count of attempted grand theft by false representations.[1] During trial in July, 1979, defendant Clifton moved for judgment of acquittal as to all counts, pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 20(a), both at the close of the state's case and at the close of all the evidence. The motions were denied and the case submitted to the jury. Following a verdict of guilty as to count one of grand theft, the defendant renewed his motion for acquittal, arguing that there was not substantial evidence to warrant a guilty verdict. The motion was granted and the defendant acquitted.

The state thereafter filed a petition for special action with this court, arguing that the trial court had abused its discretion. We agreed and reinstated the jury's verdict guilt. *See State ex rel Hyder v. Superior Court,* 128 Ariz. 241, 624 P.2d 1289 (App. 1980).

The Arizona Supreme Court accepted defendant's petition for review and, although it vacated this court's opinion, it nonetheless ordered reinstatement of the jury verdict, for the reasons stated in *State ex rel Hyder v. Superior Court,* 128 Ariz. 216, 624 P.2d 1264 (1981).

The defendant thereafter filed a motion for new trial or, in the alternative, to dismiss the grand jury indictment, alleging that the verdict was contrary to the weight of the evidence and that the grand jury indictment was obtained by perjured testimony. Said motion was denied and the jury's verdict reinstated.

The facts necessary to a resolution of this matter are as follows. Defendant Clifton, an attorney licensed to practice law in Arizona, was notified on August 16, 1977, by the Board of Governors of the Arizona

---

1. The indictment was returned pursuant to the old criminal code.

State Bar, that it had voted to recommend that he be suspended from the practice of law for a period of thirty days. Defendant testified that as a result of this notice he voluntarily suspended his legal practice on August 27, 1977, under the assumption that the suspension would be automatic if he did not object to it. On September 23, defendant's attorney reiterated this understanding in a letter to the Arizona Supreme Court, and requested that a suspension be made retroactive to August 27, 1977. On October 5, the Arizona Supreme Court issued its order suspending the defendant from practice for a period of thirty days, retroactive to August 27, 1977, as requested. It also assessed costs in the amount of $1,408.89, to be paid to the State Bar as a prerequisite to any application for reinstatement.

At trial Mr. Steven Pritchard testified, and the defendant admitted, that on or about August 28, 1977, the defendant agreed to represent Mr. Pritchard in a pending criminal action. Pursuant to this agreement, defendant received retainer payments of $500.00 on September 8, 1977, $390.00 on September 16, 1977, and $560.00 on October 11, 1977. Mr. Pritchard testified that the defendant did not perform any legal services for him, and that a public defender was eventually assigned to represent him. Mr. Pritchard further testified that at a conference held on September 16, 1977, the defendant advised him that his preliminary hearing, scheduled for the next day, had been postponed. It had not and a bench warrant was issued for Mr. Pritchard's arrest.

The defendant maintained at trial that he had agreed to represent Pritchard at a time when he was still in good standing with the State Bar, and that he believed the suspension would not interfere with his representation. There is conflicting testimony as to whether the defendant had arranged for a former associate to represent Mr. Pritchard during the thirty day suspension. The defendant specifically denied taking money from Mr. Pritchard with the intent of not performing any services for him.

The following four issues have been presented to this court on appeal:

1. Whether the trial court erred in denying defendant's motion for new trial based upon the contention that the verdict was contrary to the weight of the evidence;

2. Whether the trial court erred in refusing to dismiss the indictment on the ground that perjured testimony was presented to the grand jury;

3. Whether the trial court erred in refusing to grant defendant's motion for judgment of acquittal at the close of the state's case; and,

4. Whether defendant has been subjected to double jeopardy.

## I. DENIAL OF MOTION FOR A NEW TRIAL

Defendant Clifton contends, without citing any authority, that the trial court erred by denying his motion for a new trial. The trial judge apparently believed that the supreme court's opinion in *State ex rel Hyder v. Superior Court, supra,* precluded him from granting the defendant's motion. In his March 3, 1981 minute entry the judge stated:

> It is the opinion of this court that the findings and rulings of the supreme court opinion filed January 15, 1981 preclude the granting of a new trial on the grounds that the weight of the evidence does not establish defendant's guilt beyond a reasonable doubt.

> The supreme court ruled that the refusal of the trial court to grant a directed verdict at the close of the evidence was a finding that there was enough evidence to go to the jury and the court cannot change this finding to grant a directed verdict under criminal rule 20(b).

> It appears that a motion for new trial at this point based on the same insufficiency of the evidence would not be available to the court under a doctrine analogous to the doctrine of collateral estoppel.

The determinative issue is whether a trial court may grant a motion for new trial on the ground that the verdict is contrary to

the weight of the evidence where it has previously denied a motion for judgment of acquittal based on the insufficiency of the evidence. Although this exact issue is one of first impression in Arizona, the clear weight of judicial authority answers the inquiry in the affirmative. *United States v. Wiley,* 517 F.2d 1212 (D.C.Cir.1975); *United States v. Bucon Construction Company,* 430 F.2d 420 (5th Cir.1970) (Civil Case); *United States v. Shipp,* 409 F.2d 33 (4th Cir.1969) *cert. denied* 396 U.S. 864, 90 S.Ct. 140, 24 L.Ed.2d 117 (1969); *United States v. Simms,* 508 F.Supp. 1188 (W.D.La. 1980); *United States v. Narciso,* 446 F.Supp. 252 (E.D.Mich.1977); *United States v. Gross,* 375 F.Supp. 971 (D.N.J.1974); *United States v. Joines,* 327 F.Supp. 253 (D.Del.1971); *United States v. Morris,* 308 F.Supp. 1348 (E.D.Pa.1970); *United States v. Hurley,* 281 F.Supp. 443 (D.Conn.1968); *United States v. Pepe,* 209 F.Supp. 592 (D.Del.1962); *United States v. Robinson,* 71 F.Supp. 9 (D.D.C.1947).

In passing upon a motion for judgment of acquittal, the trial judge must determine whether upon the evidence, giving full credence to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inference therefrom, a reasonable person could fairly conclude the defendant is guilty beyond a reasonable doubt. The evidence must be reviewed in a light most favorable to the state, and all reasonable inferences are to be resolved against the defendant. *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966); *State v. Mangrum,* 98 Ariz. 279, 403 P.2d 925 (1965). If on this basis reasonable minds could differ as to whether the defendant is guilty beyond a reasonable doubt, the motion must be denied.

In considering a motion for a new trial, the object is to promote justice and protect the innocent. *State v. Chase,* 78 Ariz. 240, 278 P.2d 423 (1954). The decision might be the last made by the trial judge before the defendant is incarcerated. As such, the court's power is significantly broader than it is in considering a motion for judgment of acquittal.

In discussing the difference between the two motions in a civil context this court has reasoned:

Unless the trial judge has committed reversible error, a motion for a new trial is addressed to his discretion.... [H]e may on such a motion weigh the evidence, and act to prevent a miscarriage of justice even though ... there is substantial evidence to support the verdict. There can be nothing discretionary, however, about a directed verdict. A motion for a directed verdict is either grantable as a matter of law, or it is not. There can be no weighing of the evidence in passing upon the merits of this latter motion.

*Cano v. Neill,* 12 Ariz.App. 562, 570, 473 P.2d 487, 495 (App.1970).

These principles are similarly applicable to criminal cases, such as the one at bar. In a criminal case, where the prosecutor has the burden of proving that the defendant is guilty beyond a reasonable doubt, the trial court does not abuse its discretion in granting a motion for a new trial unless the record shows that the defendant's guilt has been proven beyond a reasonable doubt. *State v. Saenz,* 88 Ariz. 154, 353 P.2d 1026 (1960); *State v. Harrington,* 27 Ariz.App. 663, 558 P.2d 28 (1976). Under the court's broad power it may weigh the evidence and consider the credibility of witnesses. *State v. Saenz; State v. Harrington.*

Some courts reason that the trial court sits, in effect, as a thirteenth juror on a motion for new trial to insure that justice is done. *United States v. Simms, supra; United States v. Caramandi,* 415 F.Supp. 443 (E.D.Pa.1976); *United States v. Narciso, supra; United States v. Parelius,* 83 F.Supp. 617 (D.Haw.1949); *but see Fortenberry v. New York Life Insurance Company,* 459 F.2d 114, 117 (6th Cir.1972), *cert. denied,* 409 U.S. 981, 93 S.Ct. 316, 34 L.Ed.2d 245 (1972) (dissenting opinion holding that a federal trial judge does not sit as a thirteenth juror). As recognized by the federal district court in *United States v. Narciso:*

[t]he power of the trial judge to set aside a verdict as against the weight of the evidence and grant a new trial is ... a check or limitation on the jury's power to render a final and binding verdict, to the end that a miscarriage of justice does not result.

446 F.Supp. at 304.

The reason for the distinction in the two rules was aptly stated in *United States v. Robinson:*

In directing a judgment of acquittal, the court makes a final disposition of the case. On the other hand, in setting the verdict aside the Court [sic] merely grants a new trial and submits the issues for determination by another jury. It is appropriate that in the latter instance, the court should have wide discretion in the interest of justice.

71 F.Supp. at 11.

 Accordingly, the trial judge is free to consider the defendant's motion for a new trial. In doing so upon remand of this matter, however, the court must proceed with great care in examining the defendant's motion. As has been stated many times, motions for a new trial are not looked upon with favor and are to be granted with great caution. *State v. Mason,* 105 Ariz. 466, 466 P.2d 760 (1970); *State v. Schantz,* 102 Ariz. 212, 427 P.2d 530 (1967); *State v. Sowards,* 99 Ariz. 22, 406 P.2d 202 (1965). Trial by jury is one of the most treasured guarantees of the Bill of Rights. Any interference with the jury's province must be exercised punctiliously.

While this ground alone requires us to remand the case to the trial court to reconsider the defendant's motion for a new trial, the other issues raised on appeal are sufficiently important to merit consideration.

## II. REFUSAL TO DISMISS GRAND JURY INDICTMENT

 Defendant also appeals from the trial court's denial of his motion to dismiss the grand jury indictment because of the introduction of perjured testimony. In support of his position he refers to various testimony elicited at trial, which he concludes establishes the state's knowledge of the perjured testimony. Defendant relies on *United States v. Basurto,* 497 F.2d 781 (9th Cir.1974), in arguing that his right to due process has been violated. The Ninth Circuit Court of Appeals held:

[T]he Due Process clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment *which the government knows* is based partially on perjured testimony, when the *perjured testimony is material,* and when *jeopardy has not attached.*

*Id.* at 785 (emphasis added).

The *Basurto* decision was based, in part, on the following statement of the United States Supreme Court:

The untainted administration of justice is certainly one of the most cherished aspects of our institutions. Its observance is one of our proudest boasts .... [F]astidious regard for the honor of the administration of justice requires the Court to make certain that the doing of justice be made so manifest that only irrational or perverse claims of its disregard can be asserted.

*Mesarosh v. United States,* 352 U.S. 1, 14, 77 S.Ct. 1, 8, 1 L.Ed.2d 1, 9–10 (1956) (citations omitted). Even assuming the grand jury heard perjured testimony in the case at bar, there has been no proof that the state was in any manner aware of such perjured testimony. Thus, the due process requirement of untainted adherence to the administration of justice has not been abridged.

Furthermore, defendant failed to comply with the *Basurto* requirement that any objection to the perjured testimony be made prior to jeopardy attaching. Thus, the dictates of *Basurto* have not been violated. Defendant's motion was properly denied.

## III. DENIAL OF MOTION FOR JUDGMENT OF ACQUITTAL AND DOUBLE JEOPARDY CLAIMS

 The defendant also claims the court improperly denied his motion for judgment of acquittal and that reinstatement of the jury verdict placed him twice in jeopardy.

These issues were considered and decided against the defendant by the Arizona Supreme Court in *State ex rel Hyder v. Superior Court, supra.* The court's ruling is law of the case, *State v. Hall,* 18 Ariz.App. 593, 504 P.2d 534 (1973), and must be given *res judicata* effect. *In re Monaghans Estate,* 71 Ariz. 334, 227 P.2d 227 (1951).

Accordingly, the trial court's order reinstating the jury's verdict is hereby vacated, and this matter remanded for reconsideration of the defendant's motion for a new trial consistent with this opinion.

MEYERSON and KLEINSCHMIDT, JJ., concur.