NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRUCE ANDREW SCHWEIGERT, SR., *Appellant.*

No. 1 CA-CR 14-0693
FILED 11-3-2015

Appeal from the Superior Court in Yavapai County
No. V1300CR201380493
The Honorable Joseph C. Butner, III, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General, Phoenix
By Terry M. Christ, III
*Counsel for Appellee*

Yavapai County Public Defender, Prescott
By John Napper
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judges Donn Kessler and Samuel A. Thumma joined.

---

**T H O M P S O N**, Judge:

¶1        Bruce Andrew Schweigert, Sr. (defendant) appeals from his convictions and sentences for threatening or intimidating, assault, disorderly conduct, and misconduct involving weapons.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On the evening of August 10, 2013, defendant was at a bar in Cottonwood when he entered into an arm wrestling match with the victim.  Defendant lost the arm wrestling match, and responded by slapping and punching the victim.  The incident was recorded by a video camera in the bar.

¶3        Subsequently, officers executed a search warrant on defendant's home to search for weapons.  They found two knives and a compound bow and arrow in a child's bedroom.  One knife had a white handle; the other had a brown handle.[1]  The blade of the white-handled knife was approximately nine and three-eighths inches long, with two sharp edges and a sharpened tip.  The brown-handled knife had a one-sided blade approximately nine and seven-eighths inches long with a sharpened tip.  Both knives had swastikas on the handles.  The blade of the white-handled knife said "Stainless China."  Its handle was made of plastic.  A testifying officer opined that the white-handled knife was a replica of a World War II German army dagger.  He could not say whether the brown-handled knife was a replica.

¶4        The state charged defendant with one count of threatening or intimidating, a class 6 felony, one count of assault, a class 1 misdemeanor, one count of disorderly conduct, a class 1 misdemeanor, and three counts of misconduct involving weapons, class 4 felonies.  Defendant stipulated at trial that he was a prohibited possessor.  At the close of the state's case,

---

[1] At trial, the two knives were admitted into evidence in a box as one exhibit.

defendant unsuccessfully moved for a judgment of acquittal on all counts. The jury convicted defendant of threatening or intimidating (count 1), assault (count 2), disorderly conduct (count 3), and one count of misconduct involving weapons (count 4 – knife), and acquitted him of two counts of misconduct involving weapons (count 5 – knife, count 6 - bow and arrow). The jury further found that defendant committed the offenses while on release on bond. Defendant then unsuccessfully moved for a new trial.

¶5        The trial court found that defendant had four prior felony convictions and two historic prior felony convictions and sentenced him to 5.75 years in prison on count 1 (presumptive sentence), six months in jail for counts 2 and 3, and 8 years in prison for count 4 (minimum sentence). The court ordered the sentences to be served concurrently. Defendant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A) (2010).

## DISCUSSION

¶6        Defendant raises two issues on appeal: 1) whether the trial court erred by denying his motion for judgment of acquittal on the charge of misconduct involving weapons (count 4), and 2) whether he was denied his right to a unanimous verdict under the Arizona Constitution because the verdict forms failed to identify which knife applied to count 4.

### A. Defendant's Motion for Acquittal

¶7        We review the denial of a motion for judgment of acquittal for an abuse of discretion. *State v. Clifton*, 134 Ariz. 345, 348, 656 P.2d 634, 637 (App. 1982). We view the facts in the light most favorable to sustaining the verdict. *State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992). We do not reweigh the evidence, and will affirm if substantial evidence supports the verdict. *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993).

¶8        Among other ways, a person commits misconduct involving weapons by knowingly "[p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." A.R.S. § 13-3102(A)(4) (2010). A deadly weapon is "anything designed for lethal, use, including a firearm." A.R.S. § 13-105(15) (2010). Defendant argues that there was insufficient evidence that the knives were designed for lethal use. Whether the knives were deadly weapons was a question for the jury. *See State v. Caldera*, 141 Ariz. 634, 637, 688 P.2d 642, 645 (1984).

¶9          Here, a reasonable juror could find that either of the knives found in defendant's home was a deadly weapon designed for lethal use. Both knives were nearly ten inches long with sharp metal blades and were either replica or genuine combat knives.  The jury had the opportunity to examine the knives at trial.  Thus, sufficient evidence supported the jury's verdict that one of the knives was a deadly weapon.  *See State v. Williams*, 110 Ariz. 104, 105, 515 P.2d 849, 850 (1973) (knife was a deadly weapon); *State v. Clevidence*, 153 Ariz. 295, 300-01 (App. 1987) (six-inch knife was a deadly weapon).  That one or both of the knives was a replica does not change the analysis.  *See, e.g., State v. Harrell*, 342 S.W.3d 908, 915 (Mo. Ct. App. 2011) (jury could find replica sword was a deadly weapon).

## B.  Verdict Forms

¶10          Defendant next argues that he was denied his constitutional right to a unanimous verdict as to count 4 because the verdict forms failed to identify which knife applied to count 4 and which applied to count 5. The trial court denied defendant's motion for new trial raising this issue.

¶11          This case involved two distinctly different knives, the brown-handled knife and the white-handled knife.  The verdict form pertaining to count 4 indicates that the jury found defendant guilty of that charge (misconduct involving weapons) while the verdict form pertaining to count 5 indicates that the jury found defendant not guilty of count 5 (misconduct involving weapons).  The indictment shows that count 4 charged that defendant committed misconduct involving weapons by knowingly possessing a knife while being a prohibited possessor.  Count 5 also charged that defendant knowingly possessed a knife while being a prohibited possessor.  The indictment and verdict forms did not specify which knife correlated to which count.

¶12          During its deliberations, the jurors sent out a question asking, "Which weapon is specific to Counts IV, V, and VI or does the order not matter?"  Defense counsel suggested that the trial court give the jury the following answer:  "Ladies and gentlemen, Count IV applies to a dagger. Count V applies to a dagger.  And Count VI applies to a bow and arrow." The state suggested changing the word "dagger" to "knife" and defense counsel agreed.  Accordingly, the trial court orally told the jury, "Ladies and gentlemen of the jury, in response to your question, Count IV pertains to a knife.  Count V pertains to a knife.  Count VI pertains to a bow and arrow."

**¶13**        Defendant did not challenge the indictment.  Furthermore, defense counsel approved the verdict forms before they went to the jury, as well as the trial court's response to the juror's question.  We therefore review defendant's claim for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  Fundamental error is error which is "clear, egregious and curable only via a new trial."  *State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

**¶14**        Although the indictment and verdict forms could have been more specific, we find no constitutional or fundamental error.  Prior to deliberations, the trial court instructed the jury to consider each count separately and to reach unanimous verdicts.  We will presume that the jurors followed their instructions.  *See State v. Dann*, 205 Ariz. 557, 570, ¶ 46, 74 P.3d 231, 244 (2003).  Here there were two counts, two verdict forms, and two knives.  There was no indication that the jurors did not reach a unanimous verdict as to count 4.

## CONCLUSION

**¶15**        For the foregoing reasons, defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama