NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GERALD DWAYNE SNETHEN, *Appellant*.

No. 1 CA-CR 17-0258
FILED  3-1-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201501387
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

**T H O M P S O N**, Presiding Judge:

**¶1**      Appellant Gerald Dwayne Snethen (Snethen) challenges his convictions for three counts of sale of dangerous drugs (methamphetamine), a class two felony. *See* Ariz. Rev. Stat. (A.R.S.) § 13-3407(A)(7), (B)(7) (2010).[1] For the reasons that follow, we affirm Snethen's convictions and associated sentences.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**      All three subject counts charged Snethen for knowingly selling methamphetamine in violation of A.R.S. sections 13-3407(A)(7), (E), (F), (K), -3401 (2010), -701 (2010), -702 (2010), and -801 (2010). The counts (1, 2, and 3) respectively related to events occurring on May 12, June 17, and August 5 of 2015. The sales arose after another individual, Blake Johnson (Johnson) agreed to work as a confidential informant, and purchase drugs from dealers for the Lake Havasu City Police Department. Johnson and three detectives from the police department testified about the associated events for the state. Snethen did not testify. The following was established by the testimony, and other evidence, at trial:

**¶3**      Before each sale, Detectives Chris Sautner, Ryan Huerta, and Derrick Wilson set up surveilling equipment, met with Johnson in a designated location to search Johnson's person and his vehicle, placed video and audio recording devices on Johnson, and gave him money to purchase the drugs. For each sale, Johnson called Snethen "directly" to set up the purchase.

**¶4**      The first sale occurred on May 12, 2015, at a gas station on the north side of Lake Havasu City. Johnson rode his motorcycle to the gas station "visually followed" by Detectives Sautner and Huerta. Detective

---

[1]     We cite to the current version of the relevant statutes unless revisions material to this decision have occurred.

Sautner "peeled off" from directly following Johnson and parked in a Walmart parking lot south of the gas station, "out of sight," and listened in on audio recording. Snethen arrived at the gas station in a Nissan pickup truck. Snethen left the truck, entered the gas station, and another person, Lenny, exited the truck, walked over to Johnson and they conversed. Lenny and Johnson walked back over to the truck, as they discussed Lenny had been working on the truck for Snethen, Lenny ultimately put the methamphetamine into Johnson's pocket, and Johnson handed Lenny the money he received for the purchase. Snethen returned from inside the gas station, "possibly" pumped gas, and met with Johnson "at the back of the vehicle." Detective Wilson observed Johnson and Snethen make contact. After the purchase, Johnson rode his motorcycle back to the designated meeting location and gave Detective Sautner what was subsequently confirmed to be .76 grams of methamphetamine.

¶5        The second sale occurred on June 17, 2015. Johnson waited in a Walmart parking lot to make the buy. Snethen drove into the parking lot, let Lenny out of his vehicle, and drove by Johnson. Lenny walked up to Johnson and subsequently placed a baggie of meth in Johnson's left pocket; Johnson gave him the cash he received from the detectives. Lenny then went back to Snethen and the two men walked toward Walmart. Detective Sautner recognized Snethen's voice during this transaction. Johnson returned to meet Detective Sautner and gave the detective what later tested to be 1.42 grams of methamphetamine.

¶6        At trial, Johnson testified that it was not unusual for Snethen to use someone else, as "a secondary cover up," to conduct a drug transaction when he had "been up for a few days" and "would get paranoid with deals."

¶7        The third sale took place on August 5, 2015, and Johnson met directly with Snethen. The transaction occurred at a Home Depot when Snethen pulled a baggie of methamphetamine "out of his right shoe," handed it to Johnson, and Johnson gave Snethen money. Detective Wilson observed the two men make contact, and Detective Sautner heard the phone conversation between Johnson and Snethen agreeing to meet up for the buy. Snethen was subsequently arrested and he admitted that he "sold meth" to help support his mother and his own meth habit. The baggie Johnson received from Snethen was confirmed to contain .92 grams of methamphetamine.

¶8        After the state rested at trial, and the jury left the courtroom, Snethen's trial counsel moved to summarily dismiss counts 1 and 2

pursuant to Arizona Rule of Criminal Procedure (Rule) 20 (judgment of acquittal).  Counsel alleged the state violated the notice requirement.[2]  The motion was based on the fact, established at trial, that Lenny, not Snethen, sold the methamphetamine on the dates constituting counts 1 and 2.  Snethen's counsel argued Snethen was entitled to notice if the state intended "to have Snethen be responsible for conduct of another," but the charging documents made no reference to A.R.S. § 13-303 (2010) (criminal liability based upon the conduct of another).  Counsel commented that the charging document also failed to provide language tending to indicate criminal liability was premised on another's conduct.  Counsel also argued that, as to all three counts, the presented evidence was insufficient to support the charges.

**¶9**        In ruling on the Rule 20 motion, the trial court acknowledged that, as to counts 1 and 2, it would have been most efficacious for the charging documents to cite to A.R.S. § 13-303 or A.R.S. § 13-301 (2010) (defining accomplice liability).  The court also noted that all could agree "that the defendant is not the one who made the exchange on incidents number 1 and 2; and that if he's going to be found guilty, it would have to be solely on the basis of accomplice liability."  Nonetheless, the court opined that given what had been testified to, discovery must have put Snethen on notice that accomplice liability would be the theory for counts 1 and 2, and the court was thus unconvinced that the defense had been blindsided.  The court then denied the motion.

**¶10**       There was no motion to amend the charging documents.  However, the court provided the jury with accomplice liability instructions.  The court also recognized the defense's objection to those instructions.

**¶11**       After the court read instructions to the jury, the parties proffered their closing arguments.  The jury found Snethen guilty as to all three counts.  The court sentenced Snethen to three concurrent terms of nine years' incarceration in the Arizona Department of Corrections.

---

[2]      *See* U.S. Const. amend. VI (requiring that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusations"); *see also State v. Freeney*, 223 Ariz. 110, 115, ¶ 29 (2009) (citations omitted) ("[T]he touchstone of the Sixth Amendment notice requirement is whether the defendant had actual notice of the charge, from either the indictment or other sources.").

¶12    Snethen timely appealed to this court. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2010), and -4033(A) (2010).

## DISCUSSION

¶13    On appeal, Snethen challenges the jury's verdicts. He contends that no substantial evidence supported the verdicts and he should have been acquitted. Snethen does not raise issues relating to the sufficiency of notice provided by the charging document, nor does he argue he was prejudiced by the court's accomplice liability instruction to the jury, or that the court erred in providing such instructions. Claims related to these issues not raised are therefore waived. *Carrillo v. State*, 169 Ariz. 126, 132 (App. 1991) (citation omitted) ("Issues not clearly raised and argued on appeal are waived."). In reviewing Snethen's noted challenges, we view the trial evidence in the light most favorable to sustaining the jury's verdicts, *see State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007), and resolve all reasonable inferences against Snethen, *see State v. Mincey*, 141 Ariz. 425, 432 (1984).

¶14    Snethen specifically argues that "no substantial evidence existed to show that [he] actually sold methamphetamine on any of the three occasions charged." Snethen requests we therefore reverse his convictions and vacate his sentences. We find no reversible error.

¶15    "Reversible error based on insufficiency of the evidence occurs only where there is *a complete absence of probative facts* to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)) (emphasis added). On review, we do not assess the credibility of witnesses, and recognize the weight of all evidence, including testimony, and the determination of a witness's credibility was for the jury. *See, e.g.*, *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (stating "we do not weigh the evidence"); *State v. Moran*, 151 Ariz. 378, 382-83 (1986) (credibility determinations are the jury's prerogative); *State v. Anthony*, 104 Ariz. 133, 135 (1969) ("The weight of all testimony was for the jury."). In deciding whether a defendant should be acquitted on a premise of evidence insufficiency, a court "must determine whether upon the evidence, giving full credence to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inference[s] therefrom, a reasonable person could fairly conclude the defendant is guilty beyond a reasonable doubt." *State v. Clifton*, 134 Ariz. 345, 348 (App. 1982). "The sufficiency of the evidence must be tested against the statutorily required elements of the offense." *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (2005).

**¶16** To support a conviction for sale of dangerous drugs, as charged, the state's evidence had to prove, beyond a reasonable doubt,[3] Snethen knowingly "transport[ed] for sale, import[ed] into this state, offer[ed] to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug," A.R.S. § 13-3408(A)(7) (2010). "Knowingly" means that a defendant acted with awareness of or belief that his conduct is of that nature or the circumstances of his conduct constitute the offense. *See* A.R.S. § 13-105(10)(b) (2010). Section 13-3401(6) assigns methamphetamine as a "dangerous drug." Sale is defined as "an exchange for anything of value . . . ." A.R.S. § 13-3401(32).

**¶17** "A person may be guilty of an offense committed by such person's own conduct or by the conduct of another for which such person is criminally accountable . . . or both." A.R.S. § 13-302 (2010). A person is criminally liable for the commission of an offense if he "is an accomplice" to another person's commission of the offense. A.R.S. § 13-303. A person is an "accomplice" if he (1) "Solicits or commands another person to commit the offense;" (2) "Aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense;" or (3) "Provides means or opportunity to another person to commit the offense." A.R.S. § 13-301.

**¶18** Here, drawing the necessary inferences in support of the jury's verdicts, we conclude its verdicts were supported by substantial evidence. Particularly as to count 3, the case facts are clearly inconsistent with Snethen's appellate argument that he was not the person who "actually sold" the methamphetamine on August 5. As noted, Snethen and Johnson were the only individuals involved in the transaction on this date. Furthermore, as to all three counts, the jury was free to make inferences and draw conclusions, in furtherance of its verdicts, from its assessment of Johnson's and the detectives' credibility based on their uncontroverted testimony. From the relevant testimony, the jury had sufficient evidentiary basis to find Snethen knowingly used Lenny as an intermediary to conduct the first two sales of methamphetamine to Johnson, and that Snethen directly sold the methamphetamine constituting count 3 to Johnson.

**¶19** Contrary to the defense's suggestion, Johnson's testimony is not undermined by the mere fact of him being an informant, or his "trying to avoid a lengthy prison term cooperating with police." The jury could have, for example, undoubtedly believed Johnson would have benefited

---

[3] *State v. Portillo*, 179 Ariz. 116, 122 (1994), *vacated in part on other grounds*, 182 Ariz. 592 (1995).

most by properly complying with whatever agreement he had with the police, and testifying truthfully.

**¶20** Moreover, the court instructed the jury that it *could* impeach Johnson based on his prior felony conviction.[4] The court also instructed the jury that a defendant is not guilty of a crime due to his mere presence at the crime scene or knowledge that a crime was being committed. *See, e.g., State v. Noriega*, 187 Ariz. 282, 284 (App. 1996) (*citing State v. Portillo*, 179 Ariz. 116, 119 (1994), *vacated in part on other grounds*, 182 Ariz. 592 (1995)) ("Guilt cannot be established by the defendant's mere presence at a crime scene or mere association with another person at a crime scene. The fact that the defendant may have been present does not in and of itself make the defendant guilty of the crimes charged."). We presume the jury followed these instructions, *State v. Dann*, 205 Ariz. 557, 570, ¶ 46 (2003), and Snethen has not rebutted this presumption.

**CONCLUSION**

**¶21** For the foregoing reasons, we affirm Snethen's convictions and associated sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

4        Ariz. R. Evid. 609(a) (stating that for the purpose of attacking the credibility of a witness, evidence that he has been convicted of a felony shall be admitted if the court determines the probative value of this evidence outweighs the prejudicial effect).